IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: Jocelyn Privett, | : | Case No. 13-14290 |
| | : | Chapter 13 |
| Debtor. | : | Bankruptcy Judge Burton Perlman |
| ─────────────────────────── | — | ─────────────────────────── |
| | : | |
| Innerwood & Co., LLC, *et al.*, | : | Case No. 1:15-cv-803 |
| | : | |
| Appellants, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Order Reversing in Part and Remanding |
| | : | the "Order Denying Motion for |
| Jocelyn Privett, | : | Declaratory Order or Comfort Order" |
| | : | |
| Debtor/Appellee. | : | |

This matter is before the Court on Appellants' appeal of the Bankruptcy Court's Order Denying Motion for Declaratory Order or Comfort Order (Bankr. Case No. 13-14290, Doc. 78). For the reasons that follow, the Court will **REVERSE IN PART** the Order Denying Motion for Declaratory Order or Comfort Order **AND REMAND FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS ORDER**.

I.      PROCEDURAL HISTORY

The Court has determined the relevant procedural history by reviewing the underlying bankruptcy proceedings and state court proceedings. Appellants Innerwood & Co., LLC and Hueber Brothers, Inc. and Debtor/Appellee Jocelyn Privett were opposing parties in a state court lawsuit captioned *Innerwood & Co., LLC et al. v. Jocelyn Tekulve-Spowal aka Jocelyn Privett*, No. A 1302897 (Hamilton Cty., Ohio C.P.) ("Employment Action"). Innerwood and Hueber Brothers filed suit against Privett, their former employee, on April 16, 2013 for breach of an employment non-compete agreement. (Employment Action, Complaint.) On June 3, 2013,

1

Innerwood and Hueber Brothers filed an Amended Complaint adding C&W Custom Woodworking ("C&W"), Privett's new employer, and Steven Cornett, the owner of C&W, as co-defendants with Privett. (*Id.*, Amended Complaint.) The state court determined after an evidentiary hearing that Privett had violated her employment agreement, and it issued a preliminary injunction against her on June 28, 2013. (*Id.*, Entry (June 28, 2013).) The court also ordered Privett to pay Innerwood's and Hueber Brothers' reasonable costs incurred for securing the injunction in the amount of $27,805.60. (*Id.*)

Less than three months later, on September 16, 2013, Privett filed a petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio. (Bankr. Case No. 13-14290, Doc. 1.) The state court Employment Action against Privett was automatically stayed pursuant to 11 U.S.C. § 362. (Employment Action, Notice of Pendency of Proceedings and Automatic Stay (Sept. 16, 2013).) The state court then stayed the Employment Action against the co-defendants, C&W and Cornett. (*Id.*, Entry (Oct. 1, 2013).)

On October 4, 2013, Innerwood and Hueber Brothers moved the Bankruptcy Court to grant relief from the automatic stay in regards to the Employment Action. (Bankr. Case No. 13-14290, Doc. 12.) They sought to "return to ongoing state proceedings to liquidate and determine the debt that the Debtor [Privett] owes to the creditor [Innerwood and Hueber Brothers]." (*Id.*, Doc. 64 at 2.) While their motion was pending, Innerwood also filed two claims in the Bankruptcy Court on January 30, 2014. The first claim was in the amount of the $27,805.60, the attorney fees awarded to Innerwood and Hueber Brothers in the Employment Action to secure the preliminary injunction. (Bankr. Case No. 13-14290, Claim 6-1.) The trial court later signed an Agreed Order stating that this claim was to be paid "as a general unsecured claim." (*Id.*, Doc. 52.) Innerwood's second claim was for unliquidated compensatory damages it and Hueber

2

Brothers had sought against Privett in the Employment Action in the amount of $881,926.00. (*Id.*, Claim 7-1.) Privett filed an objection to the claim. On March 27, 2014, the Bankruptcy Court sustained Privett's objection to the unliquidated damages claim and set the value of that claim at $0. (*Id.*, Doc. 36.) Then, in October 2014, the Bankruptcy Court denied Innerwood and Hueber Brothers relief from the bankruptcy stay to proceed with the Employment Action against Privett. (*Id.*, Doc. 64 at 6.) The Bankruptcy Court found that the cost of Privett's defense in the Employment Action would be a burden on her bankruptcy estate and have an adverse impact on other creditors. (*Id.*) The result of these rulings is that Innerwood and Hueber Brothers are unable to pursue claims for money damages against Privett in the Employment Action.

However, the state court permitted Innerwood and Hueber Brothers to re-start the Employment Action against the co-defendants, C&W and Cornett, in November 2014. (Employment Action, Scheduling Order (Nov. 17, 2014).) Privett was "discharged" from the case and is no longer considered a party. (*Id.*, Notice of Withdrawal (Jan. 6, 2015).)

In October 2015, Innerwood and Hueber Brothers sought to take Privett's deposition as a non-party witness in the Employment Action. (*Id.*, Motion to Continue Trial (Oct. 12, 2015).) Privett refused, arguing that she was exempt from being deposed based on the bankruptcy automatic stay. (*Id.*)

On October 13, 2015, Innerwood and Hueber Brothers filed the Motion for Declaratory Order or Comfort Order in Bankruptcy Court that is the subject of this appeal. (Bankr. Case No. 13-14290, Doc. 69.) Innerwood and Hueber Brothers moved for relief from the stay (1) to depose Privett as a non-party witness in the Employment Action and (2) to enforce the non-compete agreement and the preliminary injunction. (*Id.*) Privett opposed the Motion for Declaratory Order or Comfort Order. (*Id.*, Doc. 76.)

The Bankruptcy Court issued an Order denying the Motion on December 3, 2015. The Bankruptcy Court determined that relief was not warranted based on the factors for granting relief from a stay for cause defined in *In re Garzoni*, 35 F. App'x 179, 181 (6th Cir. 2002):[1]

> The term claim means both "right to payment" and "right to an equitable remedy for breach of performance if such breach gives right to a right to payment," in both instances whether or not such right is disputed or undisputed. 11 U.S.C. § 101(5)(A) and (B). The state court injunction awarded the Creditors damages against the Debtor in the amount of $27,805.60 based upon the Debtor's violation of the non-compete agreement and a temporary restraining order. As such, the Debtor's breach of performance with respect to the non-compete agreement and temporary restraining order gave the Creditor the right to payment. The Creditors' right to payment falls within the definition of a claim. Therefore, the non-compete agreement and state court injunction are claims stayed by operation of 11 U.S.C. § 362.
>
> \* \* \* \*
>
> [T[he Creditors now seek to depose [Privett] and offer her as a trial witness in conjunction with the state court action which has been proceeding against the remaining defendants. The Court previously analyzed the factors set forth in *In re Garzoni* in determining whether cause for relief existed. Now, as was the case then, the Creditors have not shown sufficient "cause" to lift the automatic stay. Judicial economy is not affected because the damages for the violating the non-compete agreement and temporary restraining order have been already been awarded in the preliminary injunction entry in state court. Although the state court action is nearing trial for the remaining defendants there is no indication that a trial is impending against the Debtor. There are no pending issues regarding a state law basis for the claims that need to be resolved before the Court would be in a position to address any bankruptcy issues. The Court takes no position on Creditors' chance of success on the merits in state court. Finally, the cost of defense in the state court action will continue to be an unwarranted burden on the bankruptcy estate, and will necessarily have an adverse impact on other creditors.

(*Id.*, Doc. 78 at 3–4.)

---

[1] "The bankruptcy court considers the following factors in deciding whether to lift a stay: 1) judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors." *In re Garzoni*, 35 F. App'x 179, 181 (6th Cir. 2002).

4

Innerwood and Hueber Brothers have appealed the Bankruptcy Court's Order Denying Motion for Declaratory Order or Comfort Order to this District Court. They present two issues for appellate review:

> A. Does the filing of a bankruptcy petition operate to give a debtor immunity from the normal duty of any citizen to testify as a witness in a proceeding, whether criminal or civil?
>
> B. Is the Sixth Circuit case law, holding that a state court injunction and a non-compete agreement are not "claims" under 11 U.S.C. § 362, still the law in this circuit?

(Doc. 4 at PageID 115.)[2] The matter is fully briefed and ripe for adjudication.

## II. JURISDICTION AND STANDARD OF REVIEW

A bankruptcy court order denying a motion for relief from a stay is a final appealable order. *United Retired Gov't Emps. v. Snyder*, No. 13-2503, 2014 U.S. App. Lexis 7061, at *3 (6th Cir. Feb. 14, 2014); *In re Miller*, 513 F. App'x 566, 570 (6th Cir. 2013). Final appealable orders by a bankruptcy court may be appealed to the district court. 28 U.S.C. § 158(a)(1). A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard and its conclusions of law are reviewed de novo. *In re Miller*, 513 F. App'x at 570. In addition, "[o]rders denying motions for relief from stay are reviewed for an abuse of discretion." *In re Rice*, 462 B.R. 651, 653 (B.A.P. 6th Cir. 2011) (citing *Spierer v. Federated Dep't Stores, Inc.*, 328 F.3d 829, 836 (6th Cir. 2003)). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an

---

[2] Local Bankruptcy Rule 4001-1(a)(10) states that "[a] motion for relief from the stay . . . shall be filed separately from and not combined in the same filing with any other request for relief." Privett argues that she is entitled to dismissal under the rule. However, the Court understands Innerwood and the Hueber Brothers to be seeking relief from the automatic stay on two grounds. They are not seeking relief from the stay plus a different kind of relief. As such, the Court finds that Local Bankruptcy Rule 4001-1(a)(10) is inapplicable. Even if the Local Bankruptcy Rule was applicable, Privett provides no authority for her argument that a violation of the rule requires a summary dismissal of a motion.

erroneous legal standard." *Id.* (quoting *Kaye v. Agripool, SRL*, 392 B.R. 288 (B.A.P. 6th Cir. 2008)).

### III. ANALYSIS

Pursuant to the Bankruptcy Code, an automatic stay blocks "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced" before the bankruptcy. 11 U.S.C. § 362(a)(1). It also blocks actions or proceedings against a debtor "to recover a claim against the debtor that arose before the commencement of the case under this title." *Id.* A "claim" is defined in the Bankruptcy Code as follows:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5). A "debt" is a "liability on a claim." 11 U.S.C. § 101(12).

A bankruptcy court can grant relief from a § 362 stay "for cause." 11 U.S.C. § 362(d)(1). Section 362(a)(1) is to be "strictly construed." *In re Cincom iOutsource, Inc.*, 398 B.R. 223, 226 (Bankr. S.D. Ohio 2008).

#### A. Non-Party Witness Issue

The Court first will examine whether the Bankruptcy Court erred in denying Innerwood and Hueber Brothers relief from the bankruptcy stay to depose Privett as a non-party witness in the Employment Action. To begin, Privett does not contend that the automatic stay extends to prohibit the Employment Action insofar as it continues against her co-defendants, C&W and Cornett. Section 362(a)(1) "does not automatically" stay a creditor's claims against solvent

6

defendants. *In re Johnson*, 548 B.R. 770, 787 (Bankr. S.D. Ohio 2016). A stay halts proceedings against solvent co-defendants only in "unusual circumstances." *In re Delta Air Lines*, 310 F.3d 953, 956 (6th Cir. 2002). Unusual circumstances that would warrant extending a bankruptcy stay to suits against solvent defendants include situations where the suit would "impose[ ] a substantial burden of discovery on the debtor." *In re Johnson*, 548 B.R. at 787 (quoting *In re Jefferson Cty., Ala.*, 491 B.R. 277, 284 (Bankr. N.D. Ala. 2013)).[3] If the bankruptcy court can extend a § 362 stay to stop proceedings against solvent defendants based on the discovery burden imposed on a debtor, it follows that the bankruptcy court can extend the stay to prohibit the taking of substantially burdensome discovery from the debtor if the suit against the solvent defendants is allowed to proceed.[4]

However, in the absence of unusual circumstances, an automatic stay pursuant to § 362 should not be extended to prohibit taking discovery from a debtor in proceedings against solvent defendants. "[C]ourts have found litigants to be entitled to conduct discovery from debtors when that discovery is related only to claims against non-debtors." *Fratelli Consulich Unipessoal, S.A. v. Specialty Fuels Bunkering, LLC*, No. 13-00545, 2014 WL 2611547, at *10 (S.D. Ala. June 11, 2014). "Information is information, and we believe the discovery of it as part of the development of a case against non-debtor parties is permissible." *In re Miller*, 262 B.R. 499, 505 (B.A.P. 9th Cir. 2001) (enforcing a subpoena against the debtor); *see also*, *e.g.*, *United Nat.*

---

[3] Other unusual circumstances for extending the stay to suits against co-defendants include situations where (1) "an indemnification or contribution relationship creates an identity of interests between the debtor and the non-debtor defendant;" and (2) "when the proceeding would have a potential preclusive effect that forces the debtor to participate in the proceeding as if the debtor were a party." *In re Johnson*, 548 B.R. at 787.

[4] A bankruptcy court in New York determined that the power of the bankruptcy court to stay discovery against a debtor in a case against a third party arose not from § 362, but from 11 U.S.C. § 105. *In re Residential Capital, LLC*, 480 B.R. 529, 539 (Bankr. S.D.N.Y. 2012). Bankruptcy courts have authority to issue "necessary and appropriate" orders. 11 U.S.C. § 105. The New York bankruptcy court examined the scope of the requested discovery, the need for the discovery, the timing of the request, and the burden and cost of the discovery to determine whether to permit the discovery.

*Funding, LLC v. JetDirect Aviation, Inc.*, No. 2:08-CV-00993, 2012 WL 2514929, at *4 (D. Nev. June 28, 2012) ("[T]he automatic stay does not protect JetDirect from complying with discovery requests in a multi-defendant action where the debtor (JetDirect) is a Defendant, but where the requests for discovery pertain to the claims against the other non-debtor Defendants."); *In re Richard B. Vance & Co.*, 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003) ("[I]t is now generally accepted that discovery pertaining to claims against the bankrupt's codefendants is not stayed, even if the discovery requires a response from the debtor, and even if the information discovered could later be used against the debtor."); *but see In re Gregory*, No. 11-07081, 2011 WL 5118457, at *3 n.2 (Bankr. M.D. Tenn. Oct. 27, 2011) ("[T[he court finds, in this instance, all discovery directed to the debtor, even if it only relates to the co-defendant's case, is halted by the automatic stay to protect the debtor's fresh start.")

Turning to this case, Innerwood and Hueber Brothers have requested relief from the stay to depose Privett in connection with their case against her co-defendants, C&W and Cornett, in the Employment Action. This Court respectfully concludes that the Bankruptcy Court erred to the extent that it determined that the § 362 automatic stay covered the discovery requests, or alternatively, that Innerwood and Hueber Brothers were not entitled to relief from the stay. The Employment Action does not constitute a proceeding to recover a claim against Privett because she is no longer a party in the case. As such, taking Privett's deposition does not fall within the § 362 automatic stay. Privett has not identified any unusual circumstances that would warrant extending the stay to block her deposition.

Alternatively, there is cause to grant Innerwood and Hueber Brothers relief from the stay applying the *In re Garzoni* factors examined by the Bankruptcy Court. The first factor is judicial economy. The Bankruptcy Court stated that judicial economy was not affected because

"damages for violating the non-compete agreement and the temporary restraining order have already been awarded [in the Employment Action]." (Bankr. Case No. 13-14290, Doc. 78 at 3.) The Court respectfully concludes that this is a misreading of the record in the Employment Action. The state court ordered Privett to pay Innerwood and Hueber Brothers $27,805.60 as the reasonable costs, including attorney fees, Innerwood and Hueber Brothers incurred to secure the preliminary injunction. (Employment Action, Entry (June 28, 2013); Bankr. Case No. 1:13-bk-14290, Doc. 6-1.) The sum of $27,805.60 was not an award of damages for violation of the non-compete agreement and the temporary restraining order.

This Court finds that judicial economy is harmed by extending the stay to prohibit Privett's deposition. Approximately ten months ago, Innerwood and Hueber Brothers moved the state court to continue the trial date in the Employment Action because they have been unable to depose Privett. (Employment Action, Motion to Continue Trial (Oct. 12, 2015).) The state court judge has not explicitly ruled on the Motion to Continue, but no substantive proceedings have taken place in the Employment Action since this discovery dispute began. Conversely, allowing the deposition to proceed in the Employment Action would not appear to have any impact on the resolution of bankruptcy proceedings. Finally, the Court finds no factual support for the assertion that the deposition would impose a substantial burden on the bankruptcy estate or have an adverse impact on other creditors. Privett has not established that attending the deposition would impose any burden other than the ordinary time and expenses borne by all deponents in civil cases. In sum, the Court finds cause to grant Innerwood and Hueber Brothers relief from the automatic stay to permit them to depose Privett as a non-party witness in the Employment Action.

The Bankruptcy Court abused its discretion when it denied this limited relief from the stay. Its December 3, 2015 Order is reversed insofar as the Bankruptcy Court denied Innerwood and Hueber Brothers relief from the stay in order to depose Privett.

**B.      Non-Compete Agreement and Preliminary Injunction**

Innerwood and Hueber Brothers also ask for relief from the bankruptcy stay insofar as they seek a declaration that Privett's non-compete employment agreement and the preliminary injunction are enforceable despite the bankruptcy stay. The non-compete agreement and the preliminary injunction are automatically stayed by § 362 if they are "claim[s] against the debtor that arose before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(1).

The Bankruptcy Court mistakenly believed that the state court had awarded Innerwood and Hueber Brothers a "right to payment"—as that term is used in the statutory definition of a "claim"—in the form of a $27,805.60 damages award for breach of the non-compete agreement. (Bankr. Case No. 1:13-bk-14290, Doc. 78 at 2.) The Bankruptcy Court, accordingly, found that the non-compete agreement and the injunction were stayed by operation of § 362(a)(1). However, this Court explained above that the $27,805.60 award was not a damages award, but rather a mere award of costs. (Employment Action, Entry (June 28, 2013); Bankr. Case No. 1:13-bk-14290, Doc. 6-1.) Accordingly, this Court will do its own analysis of whether the non-compete agreement and the preliminary injunction qualify as claims automatically stayed by § 362.

This Court is not writing on a blank slate. The Sixth Circuit addressed the related issue of whether a debtor's obligations under a covenant not to compete are dischargeable debts in *Kennedy v. Medicap Pharmacies, Inc.*, 267 F.3d 493 (6th Cir. 2001). The Sixth Circuit's analysis in *Kennedy* turned on the interpretation of the term "claim." The Sixth Circuit

10

concluded that the right to equitable relief, such as the right to an injunction to enforce a non-compete agreement, "constitutes a claim only if it is an alternative to a right to payment or if compliance with the equitable order will itself require the payment of money." *Id.* at 497. The Sixth Circuit noted that most bankruptcy courts have held that the right to equitable relief for a breach of a non-compete agreement is not dischargeable in bankruptcy either because compliance with the equitable relief did not require the expenditure of money or because the equitable relief was only available if there was no adequate remedy at law. *Id.* at 496 (collecting cases). The Sixth Circuit recognized that the right to equitable relief might be dischargeable if the breached non-compete agreement could be reduced to money damages. *Id.* at 497. However, a Bankruptcy Appellate Panel of the Sixth Circuit explained in a later decision that a debtor's payment of legal fees to defend himself in an action to enforce an injunction is not the type of expenditure which could result in the determination that the injunction is dischargeable in bankruptcy. *MCS Acquisition Corp. v. Gilpin*, No. 07-8031, 2008 WL 2787520, at *5 (B.A.P. 6th Cir. July, 17, 2008).

The *Kennedy* decision was consistent with *May v. Charles Booher & Assocs., Inc.*, 141 B.R. 940 (Bankr. S.D. Ohio 1992), a decision cited by both parties in their briefs. The issue in *May* was whether obligations not to compete imposed by the debtor's employment agreements were dischargeable debts. *Id.* at 942. The court found that if "an expenditure of money is required to perform the obligation, then the affirmative duty gives rise to a 'claim' and, thus, the underlying liability may be subject to the discharge." *Id.* at 943. Conversely, the court found that there "may not be a 'debt'" if the affirmative duty under the employment agreements did not require an expenditure of money. *Id.* The court concluded that because the specific employment contracts at issue contemplated that the employer would receive money if the debtor employee

11

breached the agreement, liability for damages arising from a breach was discharged in the bankruptcy. *Id.* at 945–46. However, the court permitted the defendant to "pursue an injunction against the debtor for future breaches of the covenant not to compete." *Id.* at 944. Likewise, the Bankruptcy Court for the Northern District of Ohio held that the right of a party to seek injunctive relief to enforce non-compete agreements was not discharged in bankruptcy where the debtor was not required to expend money to comply with the non-compete agreement nor subject to pay money damages for breach of the agreement. *In re Otero*, No. 10-36858, 2011 WL 3207552, at *2 (Bankr. N.D. Ohio July 27, 2011); *see also In re Hughes*, 166 B.R. 103, 104, 106 (Bankr. S.D. Ohio 1994) (modifying a bankruptcy stay to permit an employer to seek injunctive relief to enforce a non-compete agreement against the debtor, its former employee). "The Bankruptcy Code was not intended to relieve a debtor of affirmative duties under a non-compete agreement where no expenditure of money is required to comply with those duties." *In re Otero*, 2011 WL 3207552, at *2.

Applying these holdings to this case, the Court cannot determine whether Privett's obligations under the non-compete agreement and the preliminary injunction are claims automatically stayed pursuant to § 362 without further factfinding. Such factfinding is more appropriately conducted by the Bankruptcy Court. The Bankrutpcy Court must determine (1) whether Privett is required to expend money to comply with her obligations under the non-compete agreements or the preliminary injunction order and (2) whether Privett is subject to money damages for breach of the non-compete agreements or the preliminary injunction order. The Court will remand this issue to the Bankruptcy Court for further proceedings consist with this Order.

## IV. CONCLUSION

The Bankruptcy Court's Order Denying Motion for Declaratory Order or Comfort Order (Bankr. Case No. 1-14290, Doc. 78) is **REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS ORDER**.

IT IS SO ORDERED.

S/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court